UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
MARYEM HADDOUMI and ANDREA VUGEC, on behalf of themselves and others similarly situated,

                        Plaintiffs,

               v.

AMBIANCE WINE LLC, d/b/a VELLA WINE BAR, EVGENIA HULDISCH, and VLADISLAV ("BILLY") KARASIK,

                        Defendants.
-------------------------------------------------------------------- x

Case No.: 18-CV-08651-ER

**AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant Ambiance Wine LLC, d/b/a Vella Wine Bar ("Vella Wine"), Evgenia Huldisch, and Vladislav ("Billy") Karasik (collectively "Defendants") by and through their attorneys, Tannenbaum Helpern Syracuse & Hirschtritt LLP, as and for their amended answer, affirmative and other defenses to the Complaint of Plaintiffs, filed September 21, 2018 (the "Complaint"), and Defendant Vella Wine's counterclaims allege as follows:

**AS TO "JURISDICTION AND VENUE"**

1. With respect to the allegations contained in Paragraph "1" of the Complaint, which set forth conclusions of law or consist of Plaintiffs' characterization of their own Complaint, no response is required.

2. Plaintiffs' allegation contained in Paragraph "2" of the Complaint that venue is proper is a conclusion of law to which no response is required. Otherwise, Defendants deny the allegations contained in Paragraph "2" of the Complaint.

## AS TO "THE PARTIES"

3. Defendants deny the allegations contained in Paragraph "3" of the Complaint, except admit that Ambiance Wine LLC is a New York limited liability company that does business as Vella Wine Bar on the Upper East Side in Manhattan.

4. Defendants deny the allegations contained in Paragraph "4" of the Complaint, except admit that Vella Wine Bar has had a gross volume of sales in excess of $500,000 in 2018.

5. Defendants deny the allegations contained in Paragraph "5" of the Complaint.

6. Defendants deny the allegations contained in Paragraph "6" of the Complaint.

7. Defendants deny the allegations contained in Paragraph "7" of the Complaint.

8. Defendants deny the allegations contained in Paragraph "8" of the Complaint.

9. Defendants deny the allegations contained in Paragraph "9" of the Complaint.

10. Defendants deny the allegations contained in Paragraph "10" of the Complaint.

11. Defendants deny the allegations contained in Paragraph "11" of the Complaint, except admit that Plaintiff Maryem Haddoumi was employed by Vella Wine Bar as a bartender from on or about March 2018 until on or about July 2018.

12. Defendants deny the allegations contained in Paragraph "12" of the Complaint, except admit that Plaintiff Andrea Vugec was employed by Vella Wine Bar as a server and/or bartender from on or about April 2018 until on or about August 2018.

13. With respect to the allegations contained in Paragraph "13" of the Complaint, which consist of Plaintiffs' characterization of their own exhibit to the Complaint, no response is required.

## AS TO "FLSA COLLECTIVE ACTION ALLEGATIONS"

14. Defendants admit that Plaintiffs purport to bring this action under the Fair Labor Standards Act ("FLSA"), but otherwise deny the allegations contained in Paragraph "14" of the Complaint, including, without limitation, that there exists any appropriate or proper "collective action."

15. Defendants deny the allegations contained in Paragraph "15" of the Complaint.

16. Defendants deny the allegations contained in Paragraph "16" of the Complaint, including, without limitation, that there exists any appropriate or proper "opt-in collective action."

## AS TO "RULE 23 CLASS ALLEGATIONS – NEW YORK"

17. Defendants admit that Plaintiffs purport to bring this action pursuant to the Federal Rules of Civil Procedure Rule 23, but otherwise deny the allegations contained in Paragraph "17" of the Complaint.

18. With respect to the allegations contained in the first sentence of Paragraph "18" of the Complaint, which consist of Plaintiffs' characterization of their own Complaint, no response is required. Otherwise, Defendants deny the allegations contained in Paragraph "18" of the Complaint, including, without limitation, that any "Class" is appropriate or proper.

19. Defendants deny the allegations contained in Paragraph "19" of the Complaint.

20. Defendants deny the allegations contained in Paragraph "20" of the Complaint.

21. Defendants deny the allegations contained in the first sentence of Paragraph "21" of the Complaint.  Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph "21" of the Complaint.

22. Defendants deny the allegations contained in Paragraph "22" of the Complaint.

23. Defendants deny the allegations contained in Paragraph "23" of the Complaint.

24. Defendants deny the allegations contained in Paragraph "24" of the Complaint.

## AS TO "FACTS"

25. Defendants deny the allegations contained in Paragraph "25" of the Complaint, except admit that Plaintiff Maryem Haddoumi worked for Vella Wine Bar as a bartender.

26. Defendants deny the allegations contained in Paragraph "26" of the Complaint, except admit that Plaintiff Andrea Vugec worked for Vella Wine Bar as a server and/or bartender.

27. Defendants deny the allegations contained in Paragraph "27" of the Complaint.

28. Defendants deny the allegations contained in Paragraph "28" of the Complaint.

29. Defendants deny the allegations contained in Paragraph "29" of the Complaint.

30. Defendants deny the allegations contained in Paragraph "30" of the Complaint.

31. Defendants deny the allegations contained in Paragraph "31" of the Complaint.

32. Defendants deny the allegations contained in Paragraph "32" of the Complaint.

33. Defendants deny the allegations contained in Paragraph "33" of the Complaint.

34. Defendants deny the allegations contained in Paragraph "34" of the Complaint.

35. Defendants deny the allegations contained in Paragraph "35" of the Complaint.

36. With respect to the allegations contained in Paragraph "36" of the Complaint, which set forth conclusions of law, no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph "37" of the Complaint.

38. Defendants deny the allegations contained in Paragraph "38" of the Complaint.

## AS TO "FIRST CLAIM FOR RELIEF"

39. Defendants repeat and reallege Paragraphs "1" through "38" hereof with the same force and effect as if set forth at length herein.

40. With respect to the allegations contained in Paragraph "40" of the Complaint, which set forth conclusions of law, no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph "41" of the Complaint.

42. Defendants deny the allegations contained in Paragraph "42" of the Complaint.

## AS TO "SECOND CLAIM FOR RELIEF"

43. Defendants repeat and reallege Paragraphs "1" through "42" hereof with the same force and effect as if set forth at length herein.

44. With respect to the allegations contained in Paragraph "44" of the Complaint, which set forth conclusions of law, no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph "45" of the Complaint.

46. Defendants deny the allegations contained in Paragraph "46" of the Complaint.

47. Defendants deny the allegations contained in Paragraph "47" of the Complaint.

## AS TO "THIRD CLAIM FOR RELIEF"

48. Defendants repeat and reallege Paragraphs "1" through "47" hereof with the same force and effect as if set forth at length herein.

49. Defendants deny the allegations contained in Paragraph "49" of the Complaint.

50. Defendants deny the allegations contained in Paragraph "50" of the Complaint.

51. Defendants deny the allegations contained in Paragraph "51" of the Complaint.

52. Defendants deny the allegations contained in Paragraph "52" of the Complaint.

### AS TO "FOURTH CLAIM FOR RELIEF"

53. Defendants repeat and reallege Paragraphs "1" through "52" hereof with the same force and effect as if set forth at length herein.

54. With respect to the allegations contained in Paragraph "54" of the Complaint, which set forth conclusions of law, no response is required.

55. Defendants deny the allegations contained in Paragraph "55" of the Complaint.

56. Defendants deny the allegations contained in Paragraph "56" of the Complaint.

### AS TO "FIFTH CLAIM FOR RELIEF"

57. Defendants repeat and reallege Paragraphs "1" through "56" hereof with the same force and effect as if set forth at length herein.

58. With respect to the allegations contained in Paragraph "58" of the Complaint, which set forth conclusions of law, no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph "59" of the Complaint.

### AS TO "SIXTH CLAIM FOR RELIEF"

60. Defendants repeat and reallege Paragraphs "1" through "59" hereof with the same force and effect as if set forth at length herein.

61. Defendants deny the allegations contained in Paragraph "61" of the Complaint.

62. Defendants deny the allegations contained in Paragraph "62" of the Complaint.

### AS TO "SEVENTH CLAIM FOR RELIEF"

63. Defendants repeat and reallege Paragraphs "1" through "62" hereof with the same force and effect as if set forth at length herein.

64. Defendants deny the allegations contained in Paragraph "64" of the Complaint.

65. Defendants deny the allegations contained in Paragraph "65" of the Complaint.

66. Defendants deny the allegations contained in Paragraph "66" of the Complaint.

## AS TO "PRAYER FOR RELIEF"

Defendants deny that Plaintiffs are entitled to any of the relief requested in the "Prayer for Relief" section of the Complaint, including subparagraphs (A) through (K).

## AS TO "JURY DEMAND"

Defendants deny that Plaintiffs are entitled to a trial by jury or that there exists any material or triable issues of fact.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are barred, in whole or in part, by their failure to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

3. Plaintiffs' claims are barred, in whole or in part, because Defendants have made a complete and timely payment of wages owed to Plaintiffs to the extent employed by Defendants.

4. Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands, estoppel, waiver, or *in pari delicto*, and their otherwise wrongful conduct.

5. Plaintiffs' claims are barred in whole or in part by the faithless servant doctrine, the application of which results in Plaintiffs forfeiting the entirety of their compensation during any periods of disloyalty.

6. Plaintiffs lack standing in this action because Plaintiffs have suffered no cognizable damages.

7. Plaintiff's claims are barred, in whole or in part, to the extent that any uncompensated time is *de minimis* or preliminary or postliminary to main activities of employment.

8. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have been overpaid, received monies to which they are not entitled, or otherwise by off-sets or credits.

9. Plaintiffs' claims are barred, in whole or in part, because the Defendants have a good faith, legitimate, and non-retaliatory business reason with respect to each action affecting Plaintiffs' employment.

10. Plaintiffs are not entitled to civil penalties, prejudgment/post-judgment interest, statutory damages, liquidated damages, punitive damages, or an extended statute of limitations because any alleged act or omission giving rise to Plaintiffs' claims was made in good faith and was not willful or reckless, and because Defendants had reasonable grounds for believing that any such alleged act or omission was not a violation of the FLSA or the New York Labor Law.

11. Plaintiffs' claims are not maintainable or cognizable as a collective and/or class action since there is no community of interest or similarity between Plaintiffs and any member of the purported class or collective action; because Plaintiffs and the persons they purport to represent are not "similarly situated" with the respect to the claims alleged, rendering this case unsuitable for collective action treatment; because individual issues and facts substantially predominate over common issues and facts, if any, rendering this case unsuitable for class action treatment; because no ascertainable class exists; because a collective and/or class action is not a superior method for adjudicating the disputes Plaintiffs allege; because Plaintiffs fail to establish sufficient numerosity, commonality, and typicality; and because Plaintiffs are neither an adequate, suitable, nor appropriate class representatives for the classes they purport to represent.

12. Evgenia Huldisch and Vladislav ("Billy") Karasik were not "employers" within the meaning of the FLSA or the New York Labor Law during the periods alleged in the Complaint, in whole or in part.

13. Evgenia Huldisch and Vladislav ("Billy") Karasik have no personal liability under the legal theories and/or factual allegations asserted by Plaintiffs.

14. If and to the extent a collective or class action is certified, the Defendants reserve the right to assert the same or additional affirmative defenses or pursue any available counterclaims against Plaintiffs, or any putative class member who joins this action as those claims become known during this litigation.

## AS AND FOR VELLA WINE'S COUNTERCLAIMS

### The Parties

1. Defendant Vella Wine is a New York limited liability company that does business on the Upper East Side in Manhattan.

2. Upon information and belief, plaintiff Maryem Haddoumi ("Plaintiff Haddoumi") is an individual who is a resident of the State of New York.

3. Upon information and belief, plaintiff Andrea Vugec ("Plaintiff Vugec") is an individual who is a resident of the State of New York.

4. At all times during Plaintiffs' employment with Vella Wine, Plaintiffs each owed Vella Wine a duty of loyalty.

**Jurisdiction and Venue**

5. This Court has supplemental jurisdiction over Vella Wine's counterclaims pursuant to 28 U.S.C. § 1367 because the counterclaims form part of the same case or controversy as the claims asserted in the Complaint.

6. Venue of the counterclaims is proper in this Court pursuant to 29 U.S.C. § 1391 because Plaintiffs' action was commenced in the United States District Court for the Southern District of New York and the events, actions and omissions of the Plaintiffs occurred within the geographic boundaries of the Southern District of New York.

**Factual Allegations**

7. Vella Wine runs and operates a small restaurant and bar located in New York City.

8. Vella Wine employed Plaintiff Haddoumi as a bartender from on or about March 2018 until on or about July 2018.

9. Vella Wine employed Plaintiff Vugec as a server and/or bartender from on or about April 2018 until on or about August 2018.

10. Plaintiffs conspired to brazenly steal from Vella Wine and did in fact steal approximately Sixty Thousand Dollars ($60,000) from Vella Wine. Plaintiffs further conspired to conceal their theft from Vella Wine.

*Wrongfully Cancelling or Transferring Customer Orders*

11. Plaintiffs created and engaged in a scheme whereby Plaintiffs would, without authorization, transfer or cancel customer orders out of their table sections so that the orders would be delivered to their customers' tables, but not appear on the customers' bills.

12. Plaintiffs engaged in this conduct, which deprived Vella Wine of significant revenue, for the purpose of inducing customers to leave "tips" as a quid pro quo and in an amount grossly in excess of what is customary and reasonable.

13. Vela Wine has an automated point of sales system ("POS System") that manages customer orders and sales.

14. Plaintiffs would place customer food and/or drink orders into the POS System, which electronically sends the customer orders to the kitchen or bar to be prepared.

15. Plaintiffs would cancel the entire order or part of the order in the POS System, or, in the alternative, Plaintiffs would transfer the entire order or part of the order to a different table section.

16. When Plaintiffs purposely transferred orders out of their section, the transferred orders would come up as errors and be removed from the bill.

17. Plaintiffs knew they were not authorized to purposely cancel valid orders and/or transfer orders out of their table section.

18. As a result of Plaintiffs' outrageous scheme to steal from Vella Wine, customers received food and drinks and were never charged for them.

19. Vella Wine was notified by its POS System that Plaintiffs cancelled and transferred an abnormally high amount of orders.

20. Plaintiffs were also enriched by engaging in activities that induced customers to leave enormous "tips" in exchange for eliminating food or drink items off their bill.

21. Upon information and belief, Plaintiffs would advise their customers that certain items were removed from the customers' bill in order to induce the customers to leave enormously high "tips" in exchange for the eliminated food or drink items off their bill.

22. Plaintiffs wrongfully removed items from customers' bills – which of course deprived Vella Wine of revenue – the customers were thereby induced to provide Plaintiffs with "tips" well beyond what is customary or reasonable.

23. As a result of Plaintiffs' unauthorized order transfers and cancellations, Vella Wine did not receive customer payments for all orders placed through and/or served by Plaintiffs.

***Wrongfully Pocketing Customer Cash Payments***

24. Plaintiffs would further steal from Vella Wine by intentionally pocketing entire cash payments made by customers.

25. Plaintiffs knew they had an obligation to remit and report customer cash payments to Vella Wine.

26. After receiving a cash payment from a customer, Plaintiffs would utilize the POS System and cancel the entire customer bill in an attempt to conceal their theft of cash payments.

27. Vella Wine did not authorize this conduct.

***Wrongfully Providing Unauthorized and Extreme Discounts***

28. When Plaintiff Vugec worked as a bartender, she would place drink orders in the POS System at an extreme discount to the customer, without Vella Wine's authorization.

29. Upon information and belief, Plaintiffs would provide the customer with unauthorized and extreme discounts in order to induce the customer to provide additional and unusually large "tips" to Plaintiff Vugec.

***Wrongfully Creating Fake Credit Card Receipts***

30. Plaintiffs further perpetrated their scheme to steal from Vella Wine by falsely entering cash payments as credit card payments into the credit card machine, located at the back of the restaurant that is not synced with the POS System, in an attempt to conceal their theft.

31. Plaintiffs would create a fake credit card receipt when the customer had in fact paid in cash.

32. Upon information and belief, Plaintiffs kept the entire proceeds of the cash payments for which they had created fake credit card receipts.

33. As result of Plaintiffs fake credit card receipt scheme, Vella Wine was deprived of the customer payment and related revenue.

34. Plaintiffs engaged in such dishonest activities during and in the scope of their employment with Vella Wine and while being compensated by Vella Wine.

35. When Vella Wine caught another employee stealing, the employee admitted to the theft and described the aforementioned scheme to steal from Vella Wine.

36. The employee admitted that there were several other co-conspirator employees who were also stealing from Vella Wine.

37. The other employee specifically identified and named Plaintiffs as other employees who were also stealing from Vella Wine.

38. Shortly after Vella Wine caught this other co-conspirator, Plaintiffs resigned their employment with Vella Wine.

### AS AND FOR A FIRST COUNTERCLAIM BY VELLA WINE AGAINST PLAINTIFFS FOR CONVERSION

39. Vella Wine repeats and realleges each and every allegation contained in Paragraphs "1" through "38" of the Counterclaims as if set forth fully herein.

40. From approximately March 2018 through August 2018, Plaintiffs stole cash customer payments from Vella Wine and kept the cash payments for their own personal use, gain and benefit without the consent or authority of Vella Wine.

41. Vella Wine is the legal and rightful owner of the customer cash payments that Plaintiffs stole from Vella Wine and Vella Wine is entitled to immediate repossession of such monies.

42. Plaintiffs interfered with the rights and ownership of Vella Wine to the aforementioned customer payments.

43. Vella Wine had an immediate superior right of possession to the customer payments taken by Plaintiffs.

44. Plaintiffs exercised unauthorized dominion over the customer proceeds to the exclusion of Vella Wine's rights.

45. The conduct of Plaintiffs has caused substantial loss of Vella Wine's business revenue.

46. As a result of Plaintiffs unlawful conduct, Vella Wine has suffered a loss of approximately Sixty Thousand Dollars ($60,000).

### AS AND FOR A SECOND COUNTERCLAIM BY VELLA WINE AGAINST PLAINTIFFS FOR BREACH OF DUTY OF LOYALTY

47. Vella Wine repeats and realleges each and every allegation contained in Paragraphs "1" through "46" of the Counterclaims as if set forth fully herein.

48. Plaintiffs owed a duty of loyalty to their employer Vella Wine.

49. Plaintiffs' engaged in extensive disloyal actions while employed by Vella Wine, which included but are not limited to the following: stealing cash payments; wrongfully

canceling and/or transferring items off customer bills; and wrongfully inducing customers to leave unusually large "tips" in exchange for reducing or modifying such customers' bills.

50. All of the foregoing conduct put Plaintiffs' own interests ahead of their employer Vella Wine's interest.

51. Plaintiffs acted with intentional, malicious or wonton disregard for Vella Wine's rights and their own duty of loyalty.

52. Plaintiffs' disloyalty permeated their employment with Vella Wine.

53. Plaintiffs breached their duty of loyalty to Vella Wine by failing to serve Vella Wine faithfully.

54. Vella Wine has been significantly damaged as a result of Plaintiffs' disloyalty.

55. Moreover, as faithless and disloyal servants, Plaintiffs are required as a matter of law to disgorge and forfeit all compensation paid or owed to them by Vella Wine during their period of disloyalty.

### AS AND FOR A THIRD COUNTERCLAIM BY VELLA WINE AGAINST PLAINTIFFS FOR UNJUST ENRICHMENT

56. Vella Wine repeats and reallege each and every allegation contained in Paragraphs "1" through "55" of the Counterclaims as if set forth fully herein.

57. Plaintiffs were unjustly enriched by wrongfully canceling or transferring orders, wrongfully pocketing customer cash payments, wrongfully providing customers with unauthorized and extreme discounts and wrongfully creating fake credit card receipts.

58. As a result of Plaintiff's actions, Vella Wine suffered economic loss.

59. Plaintiffs were unjustly enriched at Vella Wine's expense.

60. Plaintiffs personally benefitted directly and indirectly from the aforesaid scheme.

61. It is against equity and good conscience to permit Plaintiffs to retain the money stolen from Vella Wine.

62. As a result of the foregoing, Vella Wine has been damaged in the sum of approximately Sixty Thousand Dollars ($60,000).

**DEMAND FOR JURY TRIAL**

Defendant Ambiance Wine LLC d/b/a Vella Wine Bar hereby demands a jury trial on all counterclaims.

**WHEREFORE**, Defendants respectfully request that this Court award:

(a) a judgment dismissing Plaintiffs' Complaint in its entirety with prejudice;

(b) a judgement in favor of Vella Wine on the First Counterclaim for Conversion in an amount to be determined at trial, but believed to be approximately Sixty Thousand Dollars ($60,000);

(c) a judgment in favor of Vella Wine on the Second Counterclaim for Breach of Duty of Loyalty in an amount to be determined at trial but believed to be approximately Sixty Thousand Dollars ($60,000) and the disgorgement and forfeiture of Plaintiffs' entire compensation paid or owed to them by Vella Wine during the period of their disloyalty pursuant to the Faithless Servant Doctrine;

(d) a judgment in favor of Vella Wine on the Third Counterclaim for Unjust Enrichment in an amount to be determined at trial, but believed to be approximately Sixty Thousand Dollars ($60,000);

(e) interest, attorney's fees, costs and disbursements; and

-17-

    (f)    such other and further relief as this Court may deem just and proper.

Dated:    New York, New York
             January 4, 2019

                              **TANNENBAUM HELPERN
                              SYRACUSE & HIRSCHTRITT LLP**

                              By:  */s/ Jason B. Klimpl*
                                    Jason B. Klimpl
                                    Andrew W. Singer
                              900 Third Avenue, 13th Floor
                              New York, New York 10022
                              (212) 508-6700
                              klimpl@thsh.com
                              singer@thsh.com

                              *Attorneys for Defendants*

To:    D. Maimon Kirschenbaum, Esq.
          Josef Nussbaum, Esq.
          Joseph & Kirschenbaum LLP
          32 Broadway, Suite 601
          New York, NY 10004
          maimon@jhllp.com
          jnussbaum@jhllp.com

          *Attorneys for Plaintiffs*
          [via ECF]