# JOSEPH & KIRSCHENBAUM LLP

Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Phone 212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas Buzzard | www.jk-llp.com |

January 25, 2019

**VIA ECF**

Hon. Edgar Ramos. U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:  *Haddoumi, et al v. Ambiance Wine LLC. et al*, 18-cv-8651 (ER)

Dear Judge Ramos,

      We represent Plaintiffs in the above-referenced matter.  In accordance with Section 2(A)(ii) of the Court's Individual Practices, we write to respectfully request a pre-motion conference to discuss Plaintiffs' anticipated motion to dismiss Defendants' counterclaims pursuant to Fed. R. Civ. P. Rule 12(b)(1) for lack of subject-matter jurisdiction.  The overwhelming and consistent authority is that where, as here, counterclaims do not arise from the same common nucleus of operative fact as the underlying claims in a lawsuit, courts should not exercise supplemental jurisdiction over the counterclaims.

    **I.**    **Procedural History and Background**

      On September 21, 2018, Plaintiffs Maryem Haddoumi and Andrea Vugec ("Plaintiffs") filed this Fair Labor Standards Act ("FLSA") collective action and New York Labor Law "(NYLL") class action on behalf of themselves and their similarly situated coworkers who worked as food-service workers for Ambiance Wine LLC, d/b/a Vella Wine Bar, Evgenia Huldisch, and Vladislav ("Billy") Karasik ("Defendants").  The gravamen of Plaintiffs' Complaint is that Defendants did not pay Plaintiffs and their co-workers at Vella Wine Bar *any wages at all* despite the fact that Plaintiffs often worked up to sixty hours in a week.  Instead, Plaintiffs and their co-workers worked exclusively for tips.  In the Complaint, Plaintiffs also allege that Defendants violated other New York State wage and payroll record keeping regulations.

      On December 14, 2018, Defendants filed their Answer and subsequently, on January 4, 2019, they filed an Amended Answer.  In the amended pleading, Defendants interposed state law

Counterclaims against Plaintiffs for conversion, breach of duty of loyalty and unjust enrichment, based on a manufactured set of allegations that Plaintiffs stole money from Vella Wine Bar. In filing these claims, Defendants allege that the Court has supplemental jurisdiction over the counterclaims pursuant to 28 U.S.C. § 1367 because the counterclaims form part of the same case or controversy as the claims asserted in the Complaint. *See* Counterclaims at ¶ 5 (Dkt. No. 22).

## II. Defendants' Counterclaims Are Inappropriate and Should be Dismissed

In a civil action in which it has original jurisdiction, a district court may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). To constitute the same Article III case or controversy, the "state and federal claims must derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966); *see also, e.g., Noriko Ozawa v. Orsini Design Assocs.*, No. 13-CV-1282 (JPO), 2015 U.S. Dist. LEXIS 29933, at *32-34 (S.D.N.Y. Mar. 11, 2015). "In determining whether two disputes arise from a common nucleus of operative fact," courts query "whether the facts underlying the federal and state claims substantially overlapped or the federal claim necessarily brought the facts underlying the state claim before the court." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (alterations and internal quotation marks omitted).

The mere fact that the Plaintiffs overtime and Defendants' state law counterclaims arise from an employment relationship "does not establish a 'common nucleus of operative fact' where it is the sole fact connecting [a plaintiff's] federal overtime claims and [a defendant's] state law counterclaims." *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 468-69 (S.D.N.Y. 2008) (citing cases); *Ozawa*, 2015 U.S. Dist. LEXIS 29933, at *32-34 ("Because there is little beyond the employment relationship that joins the state law counterclaim with Ozawa's overtime claims, the Court concludes that it lacks jurisdiction over Defendants' state law counterclaim."); *Anwar v. Stephens*, No. CV 15-4493 (JS)(GRB), 2016 U.S. Dist. LEXIS 102816, at *9 (E.D.N.Y. Aug. 3, 2016) ("At most, plaintiff's employment relationship with the defendants is the sole fact that connects the federal and state claims, but that fact alone is insufficient to form the basis of supplemental jurisdiction.")

Here, the facts underlying Defendants' counterclaims are completely distinct from those supporting Plaintiffs' original FLSA and NYLL claims for minimum and overtime wages. Plaintiffs' overtime claims are keyed to the number of hours they worked and whether or not they were paid for that time while Defendants' counterclaims involve an entirely different set of facts related to billing at Vella Wine Bar. Thus, as the evidence necessary to the counterclaims does not in any way overlap with the evidence underlying Plaintiffs' wage and hour claims, Defendants' counterclaims must be dismissed. *See ,e.g., Ozawa*, 2015 U.S. Dist. LEXIS 29933, at *32-34 (declining to exercise supplemental jurisdiction over counterclaims where there was no overlap between the evidence necessary to establish the state law counterclaim and the underlying overtime claims); *Torres*, 628 F. Supp. 2d at 468-69 (declining to exercise supplemental jurisdiction over counterclaims where "none of the events alleged in defendants' state law faithless servant [counter]claims [were] relevant to Plaintiffs' overtime claims"); *Yahui Zhang v. Akami Inc.*, No. 15-CV-4946 (VSB), 2017 U.S. Dist. LEXIS 158112, at *22 (S.D.N.Y.

Sep. 26, 2017) (declining to exercise supplemental jurisdiction over counterclaims since "the facts underlying the FLSA claims and counterclaims do not substantially overlap"); *Mori v. E1 Asset Mgmt.*, 2016 U.S. Dist. LEXIS 27911, at *8-9 (S.D.N.Y. Jan. 28, 2016) ("As noted above, Plaintiff's federal claims are factually distinct from Defendant's second counterclaim; whether E1 has appropriately compensated its portfolio managers pursuant to the FLSA will have little, if any, factual overlap with questions of unauthorized trading and Plaintiff's duty to his former employer.").

For the foregoing reasons, Plaintiffs request that the Court hold a pre-motion conference to discuss these issues and Plaintiffs' anticipated motion to dismiss.

We thank the Court for its attention to this matter.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

　　/s/*Josef Nussbaum*
D. Maimon Kirschenbaum
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640

cc: All Counsel of Record (via ECF)