

**Tannenbaum Helpern Syracuse & Hirschtritt** LLP

900 Third Avenue New York, NY 10022-4775
Tel: (212) 508-6700 | Fax: (212) 371-1084
www.thsh.com | @THSHLAW

**Elizabeth E. Schlissel**
Direct Dial: (212) 508-6714
Schlissel@thsh.com

January 29, 2019

**VIA ECF**

Hon. Edgar Ramos, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

RE:  *Haddoumi, et al v. Ambiance Wine LLC et al*, 18-cv-08651 (ER)
     **Response to Plaintiffs' January 25, 2019 Letter**

Dear Judge Ramos:

We represent defendants Ambiance Wine LLC d/b/a Vella Wine Bar ("Vella Wine Bar"), Evgenia Huldisch and Vladislav ("Billy") Karasik (collectively "Defendants") in the above referenced action. This letter is submitted in response to Plaintiffs' request for a pre-motion conference seeking permission to file a motion to dismiss Defendants' counterclaims for lack of subject-matter jurisdiction. We would oppose any such motion on numerous grounds.

In their complaint, Plaintiffs allege, among other things, various wage and tip theft under the Fair Labor and Standards Act ("FLSA") and New York Labor Law ("NYLL"). On January 4, 2019, Defendants filed an amended answer and asserted counterclaims against Plaintiffs for conversion, breach of duty of loyalty, and unjust enrichment. Defendants allege in the counterclaims that while employed by Vella Wine Bar, Plaintiffs orchestrated a scheme to steal from Defendants and did in fact steal thousands of dollars, principally by cancelling customer orders in exchange for unusually large and additional tips. Plaintiffs resigned shortly after their co-worker was caught in the scheme and disclosed that Plaintiffs participated in it. Defendants seek damages and the disgorgement and forfeiture of Plaintiffs' entire compensation paid or owed to Plaintiff during the period of their disloyalty.

### This Court Should Exercise Jurisdiction over Defendants' Counterclaims

As an initial matter, this Court should assert jurisdiction over Defendants' counterclaims because they are compulsory. Rule 13(a) of the Federal Rules of Civil Procedure define a compulsory counterclaim as a claim that "(A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a). The Second Circuit considers

counterclaims compulsory when there is a "logical relationship" between the main claim and the counterclaim. *Jones v. Ford Motor Credit Company*, 358 F.3d 205, 209 (2d Cir. 2004). The "logical relationship" test "does not require an absolute identity of factual backgrounds," but simply requires the claims to be "so logically connected that considerations of judicial economy and fairness dictate that all of the issues be resolved in one lawsuit." *Kristensons-Petroleum, Inc. v. Sealock Tanker Co.*, Ltd., 304 F. Supp. 2d 584, 588 (S.D.N.Y. 2004).

Counterclaims that do not meet the compulsory criteria are deemed permissive. Fed. R. Civ. P. 13(b). If a counterclaim is permissive, the Court must determine if the claims falls under its supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Courts may exercise supplemental jurisdiction over state claims that "derive from a common nucleus of operative facts." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Thus, even if, for argument's sake, this Court determines that the counterclaims are merely permissive and not compulsory, this Court should still exercise supplemental jurisdiction over Defendants' counterclaims as they "derive from a common nucleus of operative facts." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Courts regularly exercise supplemental jurisdiction over state law claims in FLSA cases when the claims involve the same evidence and witnesses. *Chaluisan v. Simsmetal E. LLC*, 698 F. Supp. 2d 397 (S.D.N.Y. 2010) (The Court exercised supplemental jurisdiction over state claims for breach of contract and unjust enrichment because the state law claims shared a common nucleus of operative fact with plaintiff's FLSA overtime claims and involved the same evidence and witnesses.).

Here, in this case before Your Honor, the underlying facts, evidence, and witnesses for Plaintiffs' claims and Defendants' counterclaims are substantially the same, and the Court's jurisdiction should be invoked regardless of whether the compulsory ("logical relationship") or permissive ("common nucleus of operative facts") standard is applied. For example, both cases will require discovery related to the days and hours worked by Plaintiffs and evidence regarding customer gratuities. In the Complaint, Plaintiffs allege that that Defendants retained tips from customers owed to them. In juxtaposition, Defendants allege in the counterclaims that Plaintiffs failed to remit customer payments to Vella Wine Bar, which they retained for themselves in the form of supposed "tips." Both cases will involve the examination of customer bills, including but not limited to, orders taken by Plaintiffs, charges to customers, payments made by customers (including tips) and tips paid to Plaintiffs. In addition, the witnesses in both cases will consist of Plaintiffs and their co-workers. In both cases the Plaintiffs will be required to be deposed and testify at trial regarding details of their shifts, customer orders and payments, tips received from customers and money received and retained by Plaintiffs. Moreover, in both cases Defendants will seek the testimony of Plaintiffs' co-workers, including those who witnessed Plaintiffs' theft. Thus, there is both a logical relationship between the two cases and also a common nucleus of operative facts.

Lastly, the instant case is readily distinguishable from the bulk of cases cited in Plaintiffs' letter, which mainly deal with discrimination, harassment, or other matters wholly unrelated to wage and hour claims. In contrast, here Defendants' claims are directly related to Plaintiffs' wages, tips, and wage records. As such, Plaintiffs' reliance on *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447 (S.D.N.Y. 2008) is misplaced. In *Torres*, the defendants' counterclaim was based on the plaintiff's alleged sexual harassment and falsification of employment records. *Torres* at 466. *Torres* stands only for the well-settled proposition that the determination of whether

2

any counterclaim arises from the same case or controversy as the initial claim requires a fact-specific inquiry on the part of the court.

Here, Defendants' counterclaims "entail a substantial portion of the operative facts underlying" Plaintiffs' wage claims. *Nicholsen v. Feeding Tree Style, Inc.*, 2014 WL 476355 (S.D.N.Y 2014) (holding that the defendants' theft counterclaim was permissive since the "litigation of the Plaintiff's FLSA claims will require the Court to decide a nucleus of operative facts that underlies the Defendants' counterclaims"). Thus, whether this Court deems the counterclaims compulsory or permissive, the counterclaims should nevertheless be litigated with Plaintiffs' wage claims as the underlying facts and evidence are intricately related.

Accordingly, Defendants intend to oppose any motion to dismiss filed by Plaintiff along the lines of their January 25, 2019, letter.

Thank you Your Honor for your consideration of this matter.

Respectfully submitted,

Elizabeth E. Schlissel

cc:   All Counsel of Record
      (Via ECF)