UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #_____
DATE FILED: June 21, 2019

---

MARYEM HADDOUMI and ANDREA VUGEC, *on behalf of themselves and others similarly situated,*

            Plaintiff,

– against –

AMBIANCE WINE LLC, d/b/a VELLA WINE BAR, EVGENIA HULDISCH, and VLADISLAV ("BILLY") KARASIK,

            Defendants.

---

AMBIANCE WINE LLC, d/b/a VELLA WINE BAR, EVGENIA HULDISCH, and VLADISLAV ("BILLY") KARASIK,

            Counter Claimants,

– against –

MARYEM HADDOUMI and ANDREA VUGEC, *on behalf of themselves and others similarly situated,*

            Counter Defendants.

**ORDER**

18 Civ. 8651 (ER)

---

Ramos, D.J.:

    Maryem Haddoumi and Andrea Vugec (collectively, "Plaintiffs"), on behalf of themselves and others similarly situated, brought this action against his former employer Ambiance Wine LLC, d/b/a Vella Wine Bar ("Vella") ("Defendants"), for unpaid minimum wages, unpaid overtime wages, unpaid tips, unpaid wages for Defendants' violation of "spread of hours" regulations, and failure to provide wage notices under the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and the New York Codes Rules and

Regulations. Docs. 1 and 34. Defendants answered Plaintiffs' complaint on December 14, 2018. Doc. 19. On June 17, 2019, the parties submitted a proposed settlement agreement for the Court's approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Doc. 34.

In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Id.* (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

In *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06, the court rejected a proposed FLSA settlement because the parties did not provide the basis for the recovery figure or documentation supporting the attorneys' fees, and the settlement included impermissible confidentiality provisions and overbroad releases. *Id.* at 176–182. The proposed Agreement here is deficient for the same reasons as in *Nights of Cabiria*.

First, the parties have specified the division of the total settlement amount of $45,000 (including $15,000 for attorneys' fees) with Haddoumi receiving $15,200 and Vugec receiving $10,300. Doc. 34. However, "[t]he parties have not 'provide[d] the Court with each party's estimate of the number of hours worked or the applicable wage'" of each Plaintiff. *Nights of Cabiria*, 96 F. Supp. 3d at 176 (second alteration in original) (quoting *Mamani v. Licetti*, No. 13 Civ. 7002 (KMW) (JCF), 2014 WL 2971050, at *2 (S.D.N.Y. July 2, 2014)). The Court thus has no sense of how the parties arrived at the settlement figures. *Id.* at 176–77. "In the absence of such information, the Court cannot discharge its duty to ensure that the proposed settlement is fair and reasonable. It may be that the proposed settlement would merit approval in light of a more complete record. As it stands, however, the current submission is inadequate." *Id.* at 177.

Furthermore, "the language of the proposed releases is far too sweeping to be 'fair and reasonable,'" because "[t]hey purport to waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." *Id.* By way of example, the Agreement requires the Plaintiffs to "hereby release and forever discharge, and covenant not to sue" the Defendants under a battery of labor laws and "any and all claims or causes of action that were or could have been asserted in the Action." Agreement ¶ 3, Doc. 34. Defendants release Plaintiffs from "all or any manner of actions…that arose prior to the signing of this Agreement…and any and all claims or causes of action that were or could have been asserted in the Action." *Id.* The Court will not approve an overbroad release that purports to "erase all liability whatsoever"; a proper release in a FLSA

case can only "waive[] claims relating to the existing suit."[1] *Nights of Cabiria*, 96 F. Supp. 3d at 181.

Accordingly, the Court will not approve the settlement unless the parties correct the deficiencies identified above. The parties may proceed in one of the following ways:

1. Submit a revised agreement to the Court on or before **July 23, 2019**. The submission shall provide the basis for the recovery figures as described in this Order.

2. File a joint letter on or before **July 23, 2019**, that indicates the parties' intention to abandon settlement and continue to trial, at which point the Court will reopen the case and set down a date for a pre-trial conference.

3. Stipulate to dismissal of the case *without* prejudice, which the Court need not approve under current Second Circuit case law. *See Cheeks*, 796 F.3d at 201 n.2.

SO ORDERED.

Dated:    June 21, 2019
             New York, New York

                                                    Edgardo Ramos, U.S.D.J.

---

[1] A proper release cannot "extend[] beyond the *claims at issue in this action*." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (emphasis added).