

**Tannenbaum Helpern
Syracuse & Hirschtritt** LLP

900 Third Avenue, New York, NY 10022
Tel: (212) 508-6700 | Fax: (212) 371-1084
www.thsh.com | @THSHLAW

**Elizabeth E. Schlissel**
Direct Dial: (212) 508-6714
schlissel@thsh.com

September 20, 2019

**VIA ECF**

Hon. Edgar Ramos, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      RE: *Haddoumi, et al v. Ambiance Wine LLC et al*, 18-cv-08651 (ER)
            <u>Pre-motion conference request – motion to withdraw as counsel</u>

Dear Judge Ramos:

      Tannenbaum Helpern Syracuse & Hirschtritt LLP ("Tannenbaum") represents defendants Ambiance Wine LLC d/b/a Vella Wine Bar, Evgenia Huldisch and Vladislav ("Billy") Karasik (collectively "Defendants") in the above referenced action. I write in response to the letter filed by counsel for plaintiffs Maryem Haddoumi and Andrea Vugec (collectively, "Plaintiffs") on September 17, 2019, pursuant to Your Honor's September 18, 2019 order, and pursuant to Local Rule 1.4 (and in accordance with Paragraph 2 of Your Honor's Individual Practices) to respectfully request that Your Honor issue an order withdrawing Tannenbaum as counsel for the Defendants. In the alternative, if Your Honor is not inclined to issue an order withdrawing Tannenbaum as counsel for Defendants pursuant to this letter motion, I respectfully request a pre-motion conference and that Tannenbaum be afforded an opportunity to fully brief a motion to withdraw as counsel for Defendants.

      A Declaration of Elizabeth Schlissel, dated September 19, 2019, is attached to this letter as Exhibit A and outlines Defendants' failure to cooperate with Tannenbaum, maintain consistent communications with Tannenbaum, and pay Tannenbaum's legal fees. Withdrawal of counsel is governed by Local Rule 1.4, which states:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an

Hon. Edgar Ramos, U.S.D.J.
September 20, 2019
Page 2 of 4

> order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

Local Rule 1.4. In determining whether to grant an order withdrawing an attorney, courts analyze the following two factors: (1) the reasons for withdrawal and (2) the impact of the withdrawal on the timing of the proceeding. *See Karimian v. Time Equities, Inc.*, 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011).

Courts in this District have held that "lack of cooperation by a client, including lack of communication, is a sufficient reason for allowing withdrawal." *Fischer v. Biman Banladesh Airlines*, 1997 WL 411446 (S.D.N.Y. July 18, 1997); *see also Liang v. Lucky Plaza Rest.*, 2013 WL 3757036 (S.D.N.Y. July 17, 2013) (granting attorney's motion to withdraw where the attorney demonstrated that his client failed to cooperate and communicate with him). While only one basis needs to be shown for counsel to withdraw, courts have ruled that failure to pay legal fees is also a sufficient basis to grant an attorney's motion to withdraw. *Promotica of Am., Inc. v. Johnson Grossfield, Inc.* 2000 WL 424184, at *2 (S.D.N.Y. Apr. 18, 2000) (granting plaintiff's counsel to withdraw where plaintiff failed to cooperate, communicate and pay counsel's monthly bills); *see also Fischer* at *1 ("It is well-settled that nonpayment of fees is a valid basis for the Court to grant counsel's motion to withdraw, especially when the motion is not opposed").

<u>Reasons for Withdrawal</u>

Defendants have stopped cooperating and communicating with Tannenbaum. Exhibit A, Schlissel Decl.¶¶ 11-16. Tannenbaum has made repeated and consistent attempts to communicate with the Defendants. *Id.* ¶¶ 11 and 15. After months of not receiving a response from Defendants, Tannenbaum sent individual defendant Vladislav Karasik a letter on September 9, 2019 stating that if he did not promptly respond and maintain sufficient communication during the course of this litigation, Tannenbaum would file an application with the Court to be relieved as counsel. *Id.* ¶ 12. After sending this letter, Tannenbaum received a call from Mr. Karasik. *Id.* ¶ 13. Jason Klimpl, a partner at Tannnenbaum, and I had a telephone call with Mr. Karasik on September 9, 2019. During this call, Mr. Karasik was further notified that if he did not maintain continuous communication with Tannenbaum, then we would seek permission from the court to be relieved as counsel. *Id.* ¶ 14. On September 11, 13, and 16th I called and emailed Mr. Karasik regarding the instant litigation. *Id.* ¶ 15. While I received a brief and unresponsive email from Mr. Karasik on September 13, 2019, my subsequent three attempts to communicate with him have gone

[1110278-1]

Hon. Edgar Ramos, U.S.D.J.
September 20, 2019
Page 3 of 4

unanswered. *Id.* ¶ 15. Due to Defendants' failure to cooperate and communicate with Tannenbaum, Tannenbaum has been unsuccessful in its attempt to finalize a settlement between Defendants and Plaintiffs. *Id.* ¶ 16.

In addition, Defendants have failed to pay their outstanding legal fee balance of over $55,000. *Id.* ¶ 20. Besides the retainer payment, Defendants have not paid a single invoice for Tannenbaum's legal services. *Id.* ¶ 19.

### No Prejudice

Moreover, the granting of an order withdrawing Tannenbaum as counsel for Defendants will not prejudice Plaintiffs since the case is still in its infancy and no discovery has been conducted. On or about October 23, 2018, the Plaintiffs served Defendants with the Summons and Complaint. Issue was joined on December 14, 2019. Thereafter, Your Honor issued an order referring this action to mediation. On February 14, 2019, the parties participated in a mediation session. To date, parties have been unable to finalize a settlement agreement. Thus, the case will most likely proceed with the commencement of discovery. At this early stage of the case, there can be no prejudice to Plaintiffs by the granting of an order withdrawing Tannenbaum as counsel. Lastly, On September 19, 2019, Josef Nussbaum, counsel for Plaintiffs, informed me that he takes no position on Tannenbaum's request to be withdrawn as counsel for the Defendants.

Based on the foregoing, Tannenbaum respectfully requests that this Court grant an order withdrawing Tannenbaum as counsel for Defendants, or in the alternative, schedule a pre-motion conference and permit Tannenbaum to file a fully briefed motion to withdraw as counsel.

Thank you for your consideration.

Respectfully submitted,

Elizabeth E. Schlissel

cc:  Billy Karasik and Evgenia Huldisch
     1480 2nd Avenue
     New York, New York 10075
     billykarasik@gmail.com
     (Via email and first class mail)

     Ambiance Wine LLC
     363 East 76th Street

[1110278-1]

Hon. Edgar Ramos, U.S.D.J.
September 20, 2019
Page 4 of 4

      Apt 5M
      New York, New York, 10021
      (Via first class mail)

      All Counsel of Record
      (Via ECF)

[1110278-1]

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

MARYEM HADDOUMI and ANDREA VUGEC, on behalf of themselves and others similarly situated,

                Plaintiffs,

v.

AMBIANCE WINE LLC, d/b/a VELLA WINE BAR, EVGENIA HULDISCH, and VLADISLAV ("BILLY") KARASIK,

                Defendants.

------------------------------------------------------------------ X

Case No.: 18-CV-08651-ER

**DECLARATION OF ELIZABETH E. SCHLISSEL IN SUPPORT OF MOTION TO WITHDRAW**

I, Elizabeth E. Schlissel, hereby declare as follows:

    1.    I am an associate at the law firm of Tannenbaum Helpern Syracuse & Hirschtritt LLP ("Tannenbaum"), which has appeared as counsel to Ambiance Wine LLC d/b/a Vella Wine Bar ("Vella"), Evgenia Huldisch and Vladislav ("Billy") Karasik (collectively "Defendants") in the above captioned action. I make this Declaration based on my own personal knowledge pursuant to Local Civil Rule 1.4 of the Local Rules of the United States District Court for the Southern and Eastern Districts of New York (the "Local Rules") and in support of Tannenbaum's letter motion to request to withdraw as counsel for the Defendants.

    2.    On or about October 23, 2018, plaintiffs Maryem Haddoumi and Andrea Vugec (collectively, the "Plaintiffs") served the Defendants with the Summons and Compliant in this action.

    3.    On December 14, 2019, Defendants' filed and served their Answer.

    4.    On December 17, 2019, Judge Edgardo Ramos issued an order referring this action to mediation.

[1110104-1]

5. On January 4, 2019, Defendants filed and served an Amended Answer and Counterclaim.

6. On February 14, 2019, the parties participated in a mediation session that resulted in a settlement.

7. On June 17, 2019, the parties submitted the fully executed settlement agreement to the Court for approval.

8. On June 21, 2019, Judge Ramos issued an order denying approval of the parties' settlement agreement and ordered the parties to (1) submit a revised agreement to the Court on or before July 23, 2019; (2) file a joint letter on or before July 23, 2019, that indicates the parties' intention to abandon settlement and continue to trial; or (3) stipulate to dismissal of the case without prejudice.

9. On June 25, 2019, I contacted the Mr. Mr. Karasik, the owner of Vella Wine Bar, regarding the Court's order.

10. Thereafter, Tannenbaum made numerous attempts to contact the Defendants to no avail.

11. I personally emailed and called Mr. Karasik on July 15, 2019, July 17, 2019, July 22, 2019, July 23, 2019, July 29, 2019, July 30, 2019, and July 30, 2019.

12. On September 9, 2019, I emailed and FedExed a letter to Mr. Karasik advising him that if Tannenbaum did not promptly hear from him and maintain sufficient communication with him during the course of the litigation, we would file an application with the Court to be relieved as counsel for the Defendants.

13. In response to my September 9, 2019 letter, I received a call back from Mr. Karasik later that day.

14. On September 9, 2019, I had a call with Mr. Karasik and Jason Klimpl, a partner at Tannenbaum, regarding the letter we sent Mr. Karasik and further notifying Mr. Karasik that if he did not maintain continuous communication with the attorneys at Tannenbaum, then Tannenbaum would file an application with the Court requesting to be withdraw as counsel for the Defendants.

15. On September 11, 13, and 16th I called and emailed Mr. Karasik regarding the instant litigation. While I received a brief and unresponsive email from Mr. Karasik on September 13, 2019, my subsequent three attempts to communicate with him have gone unanswered.

16. Due to Defendants' failure to cooperate and communicate with Tannenbaum, Tannenbaum has been unsuccessful in its attempt to finalize a settlement between Defendants and Plaintiffs.

17. On September 17, 2019, counsel for the Plaintiffs, Josef Nussbaum, filed a letter with the Court outlining Plaintiffs' attempts to finalize the settlement in this action and requesting that the Court re-open the case and schedule a pre-trial conference.

18. This case remains in its infancy as the parties have not yet conducted any discovery and no discovery schedule has been ordered.

19. In addition, Defendants have not paid Tannenbaum for its legal services since Defendants paid the initial retainer payment in October 2018.

20. Since October 2018, Tannenbaum has sent Defendants 10 invoices for legal fees totaling over $55,000 for its work on this case. Attached as Exhibit A to this Declaration is a Bill and Payment Report for the unpaid invoices that were sent to Defendants. These invoices remain unpaid.

21. Accordingly, Tannenbaum respectfully requests that this Court grant its motion to withdraw as counsel for the Defendants due to Defendants' failure to cooperate and communicate with Tannenbaum and their failure pay Tannenbaum's legal fees.

22. Tannenbaum will cooperate with new counsel in the transfer of any files and will cooperate to minimize any disruption of the Court's schedule, consistent with our professional and ethical responsibilities. Moreover, Tannenbaum will not assert any charging lien or retaining lien in connection with this withdrawal.

Declared under penalty of perjury on the 19th day of September, 2019.

TANNENBAUM HELPERN SYRACUSE
& HIRSCHTRITT LLP

By: *[signature]*
Elizabeth E. Schlissel
900 Third Avenue
New York, NY 10022
Tel: (212) 508-6700
schlissel@thsh.com

*Attorneys for Defendants*

Exhibit A

# Bill and Payment Report

Ambiance Wine LLC dba Vella Wine Bar / Haddoumi and Vugec v. Ambiance Wine LLC (23332-0002)

09/18/2019

| Invoice | Client | Matter | Matter Description | Type | Date | Billed | Receipts | Adjustments | Total | Balance | Status | Check No. | Check Date | Payor | Email |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 524380 | 23332 | 0002 | Haddoumi and Vugec v. Ambiance Wine LLC | Invoice | 11/07/2018 | 536.04 | 0.00 | 0.00 | 536.04 | 536.04 | Open | | | | Y |
| 525507 | 23332 | 0002 | Haddoumi and Vugec v. Ambiance Wine LLC | Invoice | 12/12/2018 | 8,172.50 | 0.00 | 0.00 | 8,172.50 | 8,708.54 | Open | | | | Y |
| 526343 | 23332 | 0002 | Haddoumi and Vugec v. Ambiance Wine LLC | Invoice | 01/09/2019 | 6,908.50 | 0.00 | 0.00 | 6,908.50 | 15,617.04 | Open | | | | Y |
| 527791 | 23332 | 0002 | Haddoumi and Vugec v. Ambiance Wine LLC | Invoice | 02/11/2019 | 18,139.68 | 0.00 | 0.00 | 18,139.68 | 33,756.72 | Open | | | | Y |
| 528223 | 23332 | 0002 | Haddoumi and Vugec v. Ambiance Wine LLC | Invoice | 03/08/2019 | 13,343.04 | 0.00 | 0.00 | 13,343.04 | 47,099.76 | Open | | | | Y |
| 529400 | 23332 | 0002 | Haddoumi and Vugec v. Ambiance Wine LLC | Invoice | 04/17/2019 | 3,333.98 | 0.00 | 0.00 | 3,333.98 | 50,433.74 | Open | | | | Y |
| 531383 | 23332 | 0002 | Haddoumi and Vugec v. Ambiance Wine LLC | Invoice | 05/13/2019 | 1,176.73 | 0.00 | 0.00 | 1,176.73 | 51,610.47 | Open | | | | Y |
| 533736 | 23332 | 0002 | Haddoumi and Vugec v. Ambiance Wine LLC | Invoice | 07/18/2019 | 1,995.32 | 0.00 | 0.00 | 1,995.32 | 53,605.79 | Open | | | | Y |
| 534212 | 23332 | 0002 | Haddoumi and Vugec v. Ambiance Wine LLC | Invoice | 08/12/2019 | 1,397.73 | 0.00 | 0.00 | 1,397.73 | 55,003.52 | Open | | | | Y |
| 536077 | 23332 | 0002 | Haddoumi and Vugec v. Ambiance Wine LLC | Invoice | 09/09/2019 | 139.50 | 0.00 | 0.00 | 139.50 | 55,143.02 | Open | | | | Y |
| Report Totals: | | | | | | 55,143.02 | 0.00 | 0.00 | | | | | | | |