UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────

MARYEM HADDOUMI and ANDREA VUGEC, on behalf of themselves and others similarly situated,

                Plaintiffs,

– against –

AMBIANCE WINE LLC, d/b/a VELLA WINE BAR, EVGENIA HULDISCH, and VLADISLAV ("BILLY') KARASIK,

                Defendants.

**ORDER**

18 Civ. 8651 (ER)

RAMOS, D.J.:

    On June 17, 2019, the parties submitted their first application to the Court requesting settlement approval.[1] Doc. 34. The Court declined to approve that application on June 21, 2019 because: (1) the language of the proposed release of claims was too broad, and (2) the parties had failed to submit documentation supporting the settlement amount or the attorney's fees calculations from which the Court could assess their reasonableness. Doc. 35. Pending before the Court is the parties' second request for approval of their Settlement Agreement ("Agreement"). Doc. 53.

    In the revised settlement agreement, the parties narrowed the release language to claims under state and federal labor law that were or could have been raised in this action. Doc. 53-1 at ¶ 3(a). *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015) ("The parties

---

[1] The Court assumes familiarity with the record and its prior Order, which details the facts and procedural history of this case. *See* Doc. 35.

have every right to enter into a settlement that waives claims relating to the existing suit in exchange for a settlement payment.").

Counsel further contend that the settlement amount of $45,000 is fair and reasonable because each of the two named Plaintiffs will receive $15,000 when their actual compensatory damages were approximately $15,200 and $10,300 respectively.  Docs. 53 at 1-2, 53-3 at 2.  While their maximum recoveries were approximately $42,000 and $33,000 respectively, "[s]ettling for even thirty percent of the total potential recovery is significant enough in this case to weigh in favor of approval—particularly in light of . . . the value to Plaintiff of receiving such a large lump sum without the risk and delay inherent in litigation."  *Pinzon v. Jony Food Corp.*, No. 18 Civ. 105 (RA), 2018 WL 2371737, at *2 (S.D.N.Y. May 24, 2018); Docs. 53 at 2, 53-3 at 2.

However, Plaintiffs' counsel have failed to provide the documentation necessary to evaluate the reasonableness of their request for attorney's fees.  Under the Agreement, Plaintiff's attorneys propose retaining $15,000, which is one third of the settlement amount.  Doc. 53-1 at ¶ 1(c)(iii).  Although "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases[,]" it is nonetheless true that "even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees."  *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (citations omitted).  To arrive at a lodestar amount and perform a reasonableness evaluation, the Court requires the billing records of Plaintiffs' attorneys.  *Garcia v. Jambox, Inc.*, No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *6 (S.D.N.Y. Apr. 27, 2015) ("In this circuit, a proper fee request entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours

expended, and the nature of the work done. That requirement extends to parties seeking approval of a settlement that allocates a portion of the proceeds to the attorney.") (citations omitted). In addition, "[e]ven where attorney's fees are calculated with the percentage method, courts must still independently ascertain the reasonableness of the requested fees." *Mobley v. Five Gems Mgmt. Corp.*, No. 17 Civ. 9448 (KPF), 2018 WL 1684343, at *4 (S.D.N.Y. Apr. 6, 2018) (citation omitted).

Accordingly, the parties' request for approval of the Agreement is DENIED without prejudice. The parties may proceed in one of the following ways:

1. File a revised letter to the Court including billing documentation supporting the requested attorney's fees, on or before **June 23, 2020**; or

2. File a joint letter on or before **June 23, 2020** that indicates the parties' intention to abandon settlement and continue to trial, at which point the Court will reopen the case and set down a date for a pre-trial conference.

It is SO ORDERED.

Dated:  June 9, 2020
        New York, New York

                                                          _____
                                                          EDGARDO RAMOS, U.S.D.J.