UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARYEM HADDOUMI and ANDREA VUGEC, on behalf of themselves and others similarly situated,

                Plaintiffs,

– against –

AMBIANCE WINE LLC, d/b/a VELLA WINE BAR, EVGENIA HULDISCH, and VLADISLAV ("BILLY') KARASIK,

                Defendants.

**ORDER**

18 Civ. 8651 (ER)

RAMOS, D.J.:

On June 6, 2020, the parties submitted their second application to the Court requesting settlement approval.[1] Doc. 53. On June 9, 2020, the Court declined to approve that application because Plaintiffs' counsel had failed to concurrently submit billing documentation supporting the reasonableness of their proposed award of attorney's fees. Doc. 54. On June 23, 2020, Plaintiffs' counsel responded, indicating that billing records had been submitted with their first proposed settlement agreement on June 17, 2019, and attaching further billing records showing 22.8 additional hours worked in the year since their first submission. Docs. 34, 34-2, 55, 55-1.

Plaintiffs' attorneys have now provided the full documentation necessary to evaluate the reasonableness of their current request for attorney's fees. Plaintiffs' attorneys propose retaining $15,000, which is one-third of the total settlement amount. Doc. 53-1 at ¶ 1(c)(iii). Though Courts in this district routinely approve awards of one-third of the settlement amount, they also cross check that amount against the lodestar to ensure its reasonableness. *Lazo v. Kim's Nails at*

---

[1] Familiarity with the Court's prior Orders, which detail the facts and procedural history of this case, is assumed *See* Docs. 35, 54.

*York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (citation omitted).  Based on Plaintiffs' counsel's submissions, the lodestar amount is $23,760,[2] resulting in a multiplier of less than 1, which renders their proposed award "presumptively reasonable." *Villanueva v. 179 Third Ave. Rest. Inc.*, No. 16 Civ. 8782 (AJN), 2018 WL 3392870, at *3 (S.D.N.Y. July 12, 2018).  That presumption remains unrebutted where, as here, the fee award was agreed upon by Plaintiffs.  *Mireku v. Red Vision Sys., Inc.*, No. 11 Civ. 9671 (RA) (JLC), 2013 WL 6335978, at *3 (S.D.N.Y. Dec. 6, 2013) ("where the fees are set as part of negotiations between the parties, there is a greater range of reasonableness for approving attorney's fees.") (citation omitted).

Accordingly, the Court finds that the revised settlement agreement comports with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and approves the agreement.  The Court hereby dismisses the case with prejudice.  The Clerk of Court is respectfully directed to terminate the motion, Doc. 55, and to close the case.

It is SO ORDERED.

Dated:   June 24, 2020
         New York, New York

                                                         _____
                                                         EDGARDO RAMOS, U.S.D.J.

---

[2] Plaintiffs' calculation of the lodestar at $23,744 inaccurately reflected the paralegal's fees by $16.  Doc. 55 at 2-3.